T.C. Memo. 2017-143

UNITED STATES TAX COURT

MICHAEL S. YOKLIC AND KAY E. ROSS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6071-15.                      Filed July 19, 2017.

Michael S. Yoklic and Kay E. Ross, pro sese.

Doreen Marie Susi and Zachary B. Friedman, for respondent.

MEMORANDUM OPINION

ASHFORD, Judge:  Respondent determined a deficiency of $840 in

petitioners' Federal income tax for the 2012 taxable year.[1]  After a concession by

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect for the year at issue, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

[*2] respondent,[2] the issue for decision is whether, pursuant to sections 85(a) and 451(a), petitioners had additional taxable income of $3,360 for 2012 as a result of petitioner Michael S. Yoklic's receiving unemployment compensation in that amount during that year. We resolve this issue in favor of respondent.

## Background

The parties submitted this case to the Court for decision without trial under Rule 122. The Court incorporates by reference the parties' stipulations of facts and accompanying exhibits. Petitioners resided in Arizona at the time the petition was filed with the Court.

Michael S. Yoklic (petitioner) filed a claim for unemployment benefits, effective April 22, 2012, with the Arizona Department of Economic Security (DES). DES initially found petitioner eligible to receive benefits of $240 per week for each of the weeks ending May 5 to August 4, 2012. It is undisputed that petitioner received $3,360 in unemployment benefits from DES during that period.

Thereafter, DES issued petitioner a determination letter dated August 9, 2012, followed by decision letters dated September 14 and October 25, 2012. These letters stated that petitioner was not entitled to the unemployment benefits

---

[2]Respondent concedes that petitioners did not overreport their Federal income tax withholding for 2012.

[*3] received, resulting in an overpayment of unemployment benefits of $3,360 determined against him.[3]  The October 25, 2012, letter also informed petitioner that the last date to file a request for review was November 26, 2012.  The only action petitioner took in response to this letter was to repay the benefits he had received, as evidenced by a copy of an endorsed check dated September 26, 2013, paid to the order of DES for $3,527.94.

DES sent the Internal Revenue Service and petitioner a Form 1099-G, Certain Government Payments, reporting unemployment compensation of $3,360 paid to petitioner in 2012.  Petitioners prepared their Federal income tax return for 2012, reporting income and expenses on a cash basis.  However, they did not report the unemployment compensation on the joint return.

Relying on the DES Form 1099-G, respondent sent a notice of deficiency to petitioners on December 1, 2014, determining that the reported unemployment compensation was "fully taxable because it is considered a substitute for wages." Petitioners timely petitioned this Court for redetermination of the deficiency.

---

[3]The September 14, 2012, letter states that petitioner was overpaid unemployment benefits of $3,660 during 2012; we believe this stated amount was a typographical error and that the correct amount of overpaid unemployment benefits was $3,360, as stated in the other two letters.

[*4]                                    Discussion

Gross income includes "all income from whatever source derived" unless specifically excluded. Sec. 61(a). Section 85(a) and (b) specifically provides for the inclusion of unemployment compensation in gross income, defining the term "unemployment compensation" as "any amount received under a law of the United States or of a State which is in the nature of unemployment compensation". In addition, section 451(a) provides that for a cash basis taxpayer, the amount of any item of gross income shall be included in the gross income for the taxable year in which received by the taxpayer. See sec. 1.451-1(a), Income Tax Regs. (providing that under the cash accounting method, gains, profits, and income are to be included in gross income in the taxable year in which they are actually or constructively received by the taxpayer).

Sections 85 and 451 are unambiguous, and their application to the undisputed facts of this case is clear. Petitioners stipulated that they were cash basis taxpayers and that during 2012 petitioner received $3,360 in unemployment compensation from DES.

In their posttrial brief petitioners contend that the unemployment compensation should not be included in their gross income because they repaid it pursuant to DES' 2012 letters in the subsequent taxable year. Petitioners seem to

**[\*5]** be arguing that the doctrine of rescission, which is a minor exception to the claim-of-right doctrine, applies here.

The claim-of-right doctrine arises out of the need for certainty in allocating items to the appropriate annual accounting period. Blagaich v. Commissioner, T.C. Memo. 2016-2, at \*12. A taxpayer receives income under a claim of right whenever he "acquires earnings, lawfully or unlawfully, without the consensual recognition, express or implied, of an obligation to repay and without restriction as to their disposition". Id. (quoting James v. United States, 366 U.S. 213, 219 (1961)). Under the claim-of-right doctrine, laid out by the Supreme Court in N. Am. Oil Consol. v. Burnet, 286 U.S. 417, 424 (1932), "[i]f a taxpayer receives earnings under a claim of right \* \* \* , he has received income which he is required to return, even though it may still be claimed that he is not entitled to retain the money, and even though he may still be adjudged liable to restore its equivalent." Receipts subject to a taxpayer's claim of right are includible for the year of receipt.

The doctrine of rescission represents an exception to the claim-of-right doctrine. See Blagaich v. Commissioner, at \*13. Pursuant to this exception, income received under a claim of right need not be included in gross income if, in the year of receipt, the taxpayer (1) recognizes an existing and fixed obligation to repay the amount received and (2) makes provisions for repayment. See id. at

**[*6]** *13-*14; see also Hope v. Commissioner, 55 T.C. 1020, 1030 (1971), aff'd, 471 F.2d 738 (3d Cir. 1973); Gaddy v. Commissioner, 38 T.C. 943, 949 (1962), aff'd in part, remanded in part, 344 F.2d 460 (5th Cir. 1965); Goldberg v. Commissioner, T.C. Memo. 1997-74, slip op. at 48, aff'd, 246 F.3d 674 (9th Cir. 2000).

On the basis of the record before us, we find that petitioner's obligation to repay the unemployment compensation he received from DES in 2012 became fixed in that same year. However, petitioners do not contend, nor is there any evidence in the record indicating, that they made provisions for repayment also in that same year. Instead, the record clearly shows repayment to DES the following taxable year in September 2013. The doctrine of rescission thus does not save petitioners from respondent's adjustment including in their gross income for 2012 the unemployment compensation that, in that year, petitioner received from DES.

Accordingly, pursuant to sections 85(a) and 451(a), we sustain respondent's determination that for 2012 petitioners had $3,360 of unemployment compensation that was taxable income to them.

We have considered all of the arguments made by the parties and, to the extent they are not addressed herein, we find them to be moot, irrelevant, or without merit.

[*7]   To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.